# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Siler

v.

Bell

April 23, 1986

Case No. (Chancery) CH-7862

By JUDGE H. CALVIN SPAIN

This matter came on April 21 to be heard upon the Exceptions filed to the Commissioner's Report by the plaintiff in the above-styled matter.

The Court has reviewed the file in detail, the exhibits filed with the Commissioner, the transcript of the hearing before the Commissioner, and the Commissioner's Report. Additionally, the Court has reviewed the case citations that have been presented and the arguments of counsel from the 21st.

The instant case involves the use of a power of attorney by a cousin of the plaintiff in managing the financial affairs of the plaintiff over a particular time period. The defendant, who was the fiduciary, failed to file an accounting or otherwise provide an accounting for the benefit of the plaintiff, with respect to the expenditures of funds that came into his hands.

After demand, partial accounting was pieced together by the defendant and provided to the plaintiff. This action was filed as a result of the overall management of the plaintiff's financial affairs for a full and complete accounting.

The Commissioner made certain recommendations with respect to an amount that should be awarded as a judgment in favor of the plaintiff against the defendant. Certain other amounts were not recommended by the defendant due

to "My fear that the plaintiff possible (sic) has suffered a loss of memory as to her instructions to the defendant."

The law is not helpful with respect to the nature of the accounting which must be rendered to the plaintiff. The plaintiff is entitled to a full accounting and the burden is upon the defendant to show that he has properly managed the assets in his hands. There does not appear to be any outright requirement that the proof be in writing with respect to authorization to expend funds, but common sense would dictate that where an elderly individual is involved and certain presumptions of fraud may arise, then, oral authorizations clearly are not prudent on the part of a fiduciary. This is particularly so, where, as in this case, $18,000 was paid to the fiduciary and/or his immediate family.

Additionally, the Court has reviewed the evidence with respect to the withdrawal of certain funds after notification of the revocation of the power of attorney and with respect to the credit sought for use of funds from a First and Merchants Bank Account, which said account was not admitted to be an asset by the fiduciary, yet, was discovered by the plaintiff's counsel in the discovery process.

From all of the facts, evidence, and legal authority, the Court finds that the Commissioner should be sustained with respect to his recommendation that a judgment be entered against the defendant for $42,613.32, and further, that the additional sums of $3,307.92, $3,161.36 and $33,000.00 should be entered as a part of the said judgment for a total sum of $82,082.60. Interest should run from October 26, 1984.